IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| B.F. and A.F., MINORS, by and through their parents and natural guardians, KERI FRIDLEY and BRIAN FRIDLEY | : : : : : | Case No. 1:21-cv-425 Judge |
| Plaintiffs | : : | |
| vs. | : : | |
| CHILDREN'S HOSPITAL MEDICAL CENTER, d/b/a CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER | : : : : : : | |
| and | : : | |
| TIMOTHY CROMBLEHOLME, M.D. | : : : | |
| and | : : | |
| FOONG-YEN LIM, M.D. | : : : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

Come now Plaintiffs B.F. and A.F., Minors, by and through their parents and natural guardians, Keri Fridley ("Keri" or "Mother") and Brian Fridley ("Brian" or "Father") (collectively "Plaintiffs"), and by and through the undersigned counsel, and, for their Complaint against Defendants Children's Hospital Medical Center d/b/a Cincinnati Children's Hospital Medical Center ("CCMC"), Timothy W. Crombleholme, M.D. ("Crombleholme"), and Foong-Yen Lim, M.D. ("Lim") (collectively "Defendants"), state as follows:

1

**INTRODUCTION**

1. This is a case about a children's hospital, CCMC, that granted incompetent surgeons, Crombleholme and Lim, privileges to manage and treat Twin to Twin Transfusion Syndrome ("TTTS") patients, with corresponding privileges and to perform an in-utero surgical procedure, Selective Laser Photocoagulation of Communicating Vessels ("SLPCV"), which requires specialized training, despite the fact that the training of Lim and Crombleholme was cursory at best; Crombleholme's survival rate for this procedure was atrocious; and Crombleholme's government-sponsored study of this very procedure was halted by the study's Patient Safety Board.

2. SLPCV is the in-utero procedure used to treat a common complication of twin pregnancy known as TTTS, which Crombleholme and Lim were incompetent to manage and treat. In fact, Crombleholme was not just incompetent, but he literally has one of, if not the absolute worst, reported outcomes for TTTS surgeons in the world. Despite being told and otherwise made aware of his incompetence, Crombleholme continues to hold himself out as a reputable TTTS surgeon who trained other surgeons, like Lim, when Crombleholme truly has no business either managing or treating TTTS patients, let alone performing the surgery.

3. In 2011, Crombleholme and Lim attempted to manage and treat the TTTS affecting Keri and her unborn twins, B.F. and A.F. Instead of competently doing so, Crombleholme and Lim mismanaged and improperly treated the TTTS. As a result of the incompetence of Crombleholme and his protégé, Lim, the twin boys, B.F. and A.F., suffered serious, permanent neurological impairment, rendering them severely neurologically compromised, thus requiring medical care and assistance in all aspects of daily living for the rest of their lives.

**PARTIES**

4. Plaintiffs Keri and Brian reside at 5309 Cherry Lawn Road, Huntington, West Virginia 25705.

5. B.F. and A.F. reside with their parents, Keri and Brian, in Huntington, West Virginia.

6. B.F. and A.F. were born in June 2011.

7. Defendant CCMC, upon information and belief, is a private not-for-profit corporation engaged in the ownership, control, direction, and supervision of healthcare services at the hospital facility it operates, located at 3333 Burnet Avenue, Cincinnati, Ohio 45227-3026.

8. Defendant CCMC, at all times relevant and material hereto, acted and/or engaged in the ownership, control, direction, and supervision of medical services directly and through its agents, apparent agents, agents by estoppel, servants, employees, and workmen, including Defendants Crombleholme and Lim.

9. At all times material to this action, Defendants Crombleholme and Lim acted within the scope of their employment by, servantship to, and agency for Defendant CCMC.

10. Defendant Crombleholme engages in the practice of medicine, and at all times relevant and material hereto, was licensed by the Ohio Board of Medicine, with additional certifications by the American Board of Surgery and special qualifications in Pediatric Surgery.

11. Defendant Crombleholme presently engages in the practice of medicine at his office, or usual place of business, at Fetal Care Center Dallas, 7777 Forest Lane, Bldg. D, 11th Floor, Suite 1190, Dallas, Texas 75230.

12. Defendant Lim engages in the practice of medicine and, at all times relevant and material hereto, was licensed by the Ohio Board of Medicine, with additional certifications by the American Board of Surgery and special qualifications in Pediatric Surgery.

13. Defendant Lim presently engages in the practice of medicine at his office, or usual place of business, and also by way of privileges granted at Cincinnati Children's Hospital Medical Center, 3333 Burnet Avenue, Cincinnati, Ohio 45227-3026.

## JURISDICTION AND VENUE

14. This is an action for damages in excess of the Federal District Court's minimal jurisdictional limits of $75,000, as set forth in 28 U.S.C. §1332(a).

15. This action is properly filed in Federal District Court due to complete diversity of citizenship between Plaintiffs and Defendants CCMC, Crombleholme, and Lim, as required by 28 U.S.C. §1332(a)(1).

16. Venue is proper in this district under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTS

17. On March 18, 2011, at which time Keri was just under 19 weeks pregnant with her twins, B.F. and A.F., Keri was diagnosed with TTTS and referred to Crombleholme at CCMC for treatment.

18. On March 25, 2011, Keri was seen by Crombleholme at CCMC and was deemed a candidate for the SLPCV surgery.

19. Crombleholme scheduled Keri to have the surgery on March 28, 2011.

20. The SLPCV procedure was later performed by Lim on April 5, 2011.

4

21. After the April 5, 2011 procedure, Keri was seen by Crombleholme for follow-up care on April 11, 2011 and April 15, 2011.

22. The Defendants continued to manage and monitor the TTTS and the progress of Keri's pregnancy via telemedicine and with fetal echocardiographs until her twins, B.F. and A.F., were delivered on June 30, 2011.

23. Tragically, both twins, B.F. and A.F., suffered serious, permanent neurological impairment, rendering them fully dependent and requiring medical care and assistance in all aspects of daily living for the rest of their lives.

## COUNT I - NEGLIGENT CREDENTIALING
## PLAINTIFFS V. CCMC

24. Plaintiffs hereby incorporate by reference each and every allegation set forth above, as if fully restated here.

25. Defendant CCMC, by and through its agents, apparent agents, agents by estoppel, employees, and servants, acted in a negligent and careless manner when it granted Crombleholme and Lim privileges to manage and treat patients with TTTS and perform SLPCV in its hospital.

26. The negligence and carelessness of Defendant CCMC consisted of the following:

    (a) failing to adequately investigate Crombleholme's and Lim's backgrounds, training, and credentials in managing and treating patients with TTTS and performing SLPCV before granting them such privileges;

(b) failing to determine whether Crombleholme and Lim were competent in managing and treating patients with TTTS and performing SLPCV before granting them such privileges;

(c) failing to determine whether Crombleholme and Lim had adequate training in in managing and treating patients with TTTS and performing SLPCV before granting them such privileges;

(d) failing to perform appropriate background investigations, which would have uncovered the adverse outcomes on patients, particularly as to Crombleholme, prior to granting them privileges;

(e) credentialing Crombleholme and Lim to manage and treat patients with TTTS and perform SLPCV when they lacked sufficient qualifications, capabilities, and experience in SLPCV;

(f) inadequately reviewing Crombleholme's and Lim's performance(s) of SLPCV, including a review of success rates and adverse incidents, while they were at CCMC, to determine whether their privileges should be limited and/or revoked;

(g) improperly renewing Crombleholme's and Lim's privileges to manage and treat patients with TTTS and perform SLPCV before granting them such privileges at CCMC; and

(h) failing to adopt and enforce adequate policies, practices, and procedures to ensure proper credentialing of Crombleholme and Lim.

27. As a direct and proximate result of Defendant CCMC's negligence and carelessness, the risk of B.F. and A.F. suffering serious and permanent neurological injuries was increased.

28. As a direct and proximate result of Defendant CCMC's negligence and carelessness, B.F. and A.F. suffered serious and permanent neurological injuries.

29. As a direct and proximate result of the injuries referenced herein, B.F. and A.F. have suffered and will continue to suffer great pain, anguish, sickness, and agony.

30. As a direct and proximate result of their injuries, B.F. and A.F. have suffered and will continue to suffer emotional injuries, mental anguish, loss of life's pleasures, loss of hedonic pleasures, and the inability to work.

31. As a direct and proximate result of these injuries, B.F. and A.F. have undergone a total loss of earning capacity, and, by reason of their injuries, have sustained a total loss of all future earnings and earning capacity.

32. As a direct and proximate result of these injuries, B.F. and A.F. have incurred and will continue to incur medical and other related expenses.

## COUNT II – NEGLIGENCE
## PLAINTIFFS V. CROMBLEHOLME

33. Plaintiffs hereby incorporate by reference each and every allegation set forth above, as if fully restated here.

34. Defendant Crombleholme acted in a negligent and careless manner, which constitutes a breach of the standard of care due and owing Plaintiffs.

35. The negligence and carelessness of Defendant Crombleholme consisted of the following:

(a) failing to acquire the minimal necessary competence and skill to manage and treat patients with TTTS and safely perform SLPCV;

(b) failing to acquire the minimal necessary competence and skill to perform surgery on a placenta;

(c) managing and treating patients with TTTS and/or performing SLPCV in an incompetent and negligent manner, which caused injury and damage to B.F. and A.F.;

(d) failing to possess and exercise the degree of knowledge, care, and skill ordinarily possessed and exercised in similar cases by other medical providers; and

(e) failing to appropriately conform to the requisite standard of care under the circumstances specifically set forth in this Complaint.

36. As a direct and proximate result of Defendant Crombleholme's negligence and carelessness, the risk of B.F. and A.F. suffering serious and permanent neurological injuries was increased.

37. As a direct and proximate result of Defendant Crombleholme's negligence and carelessness, B.F. and A.F. suffered serious and permanent neurological injuries.

38. As a direct and proximate result of the injuries referenced herein, B.F. and A.F. have suffered and will continue to suffer great pain, anguish, sickness, and agony.

39. As a direct and proximate result of their injuries, B.F. and A.F. have suffered and will continue to suffer emotional injuries, mental anguish, loss of life's pleasures, loss of hedonic pleasures, and the inability to work.

40. As a direct and proximate result of these injuries, B.F. and A.F. have undergone a total loss of earning capacity, and, by reason of their injuries, have sustained a total loss of all future earnings and earning capacity.

41. As a direct and proximate result of these injuries, B.F. and A.F. have incurred and will continue to incur medical and other related expenses.

## **COUNT III – NEGLIGENCE**
## **PLAINTIFFS V. LIM**

42. Plaintiffs hereby incorporate by reference each and every allegation set forth above, as if fully restated here.

43. Defendant Lim acted in a negligent and careless manner, which constitutes a breach of the standard of care due and owing Plaintiffs.

44. The negligence and carelessness of Defendant Lim consisted of the following:

   (a) failing to acquire the minimal necessary competence and skill to manage and treat patients with TTTS and safely perform SLPCV;

   (b) failing to acquire the minimal necessary competence and skill to perform surgery on a placenta;

   (c) managing and treating patients with TTTS and/or performing SLPCV in an incompetent and negligent manner, which caused injury and damage to B.F. and A.F.;

   (d) failing to possess and exercise the degree of knowledge, care, and skill ordinarily possessed and exercised in similar cases by other medical providers; and

   (e) failing to appropriately conform to the requisite standard of care under the circumstances specifically set forth in this Complaint.

45. As a direct and proximate result of Defendant Lim's negligence and carelessness, the risk of B.F. and A.F. suffering serious and permanent neurological injuries was increased.

46. As a direct and proximate result of Defendant Lim's negligence and carelessness, B.F. and A.F. suffered serious and permanent neurological injuries.

47. As a direct and proximate result of the injuries referenced herein, B.F. and A.F. have suffered and will continue to suffer great pain, anguish, sickness, and agony.

48. As a direct and proximate result of their injuries, B.F. and A.F. have suffered and will continue to suffer emotional injuries, mental anguish, loss of life's pleasures, loss of hedonic pleasures, and the inability to work.

49. As a direct and proximate result of these injuries, B.F. and A.F. have undergone a total loss of earning capacity, and, by reason of their injuries, have sustained a total loss of all future earnings and earning capacity.

50. As a direct and proximate result of these injuries, B.F. and A.F. have incurred and will continue to incur medical and other related expenses.

## COUNT IV – VICARIOUS LIABILITY
## PLAINTIFFS V. CCMC

51. Plaintiffs hereby incorporate by reference each and every allegation set forth above, as if fully restated here.

52. Keri, an out-of-state resident, learned that CCMC offered SLPCV, which would be performed by Crombleholme and/or Lim for the treatment TTTS.

53. CCMC held itself out to the public as a provider of medical services, including SLPCV.

54. At the time she presented to CCMC for an evaluation for SLPCV, Keri did not have notice and/or knowledge that Crombleholme and/or Lim were not actual agents or employees of CCMC.

55. Keri sought treatment for SLPCV from CCMC.

56. Accordingly, CCMC is estopped from denying Crombleholme and Lim were its agents with respect to Keri/Plaintiffs, a third party.

57. As a direct and proximate result of Defendant CCMC's negligence and carelessness, the risk of B.F. and A.F. suffering serious and permanent neurological injuries was increased.

58. As a direct and proximate result of the injuries referenced herein, B.F. and A.F. have suffered and will continue to suffer great pain, anguish, sickness, and agony.

59. As a direct and proximate result of their injuries, B.F. and A.F. have suffered and will continue to suffer emotional injuries, mental anguish, loss of life's pleasures, loss of hedonic pleasures, and the inability to work.

60. As a direct and proximate result of these injuries, B.F. and A.F. have undergone a total loss of earning capacity, and, by reason of their injuries, have sustained a total loss of all future earnings and earning capacity.

61. As a direct and proximate result of these injuries, B.F. and A.F. have incurred and will continue to incur medical and other related expenses.

## **PRAYER FOR RELIEF**

Plaintiffs, B.F. and A.F., Minors, by and through their parents and natural guardians, Keri Fridley and Brian Fridley, respectfully pray for judgment in their favor and against Defendants and the following relief:

A. Compensatory damages, including compensation for the cost of B.F.'s and A.F.'s past and future medical care, B.F.'s and A.F.'s loss of future earnings, B.F.'s and A.F.'s past and future pain, emotional distress, mental anguish, loss of life's pleasures, and loss of hedonic pleasures caused by Defendants' negligence, in an amount in excess of this Court's minimum jurisdictional limits of $75,000, exclusive of interest and costs.

11

B.  All other relief to which Plaintiffs are entitled under the law.

          Respectfully submitted,

*/s/ George D. Jonson*
George D. Jonson (0027124)
Montgomery Jonson LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Tel: (513) 768-5220
Fax: (513) 768-9220
gjonson@mojolaw.com

## JURY DEMAND

Plaintiff hereby demands that the issues in this case be tried by a jury.

*/s/ George D. Jonson*
George D. Jonson (0027124)