**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| B.F. and A.F., MINORS, *et al.*, | : | Case No. 1:21-cv-425 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CHILDREN'S HOSPITAL | : | |
| MEDICAL CENTER, *et al.*, | : | |
| | : | |
| Defendants. | | |

---

### ORDER DENYING DEFENDANTS' MOTION TO STRIKE

---

This case is before the Court on Defendants' Motion to Strike (Doc. 24). Plaintiffs filed a response in opposition to the motion (Doc. 27), to which Defendants replied in support (Doc. 29). Thus, this matter ripe for review. For the reasons below, Defendants' Motion to Strike is **DENIED**.

### BACKGROUND

This action stems from the medical treatment, or lack thereof, provided to Keri Fridley in the spring of 2011 during her pregnancy with B.F. and A.F. by Defendants Children's Hospital Medical Center d/b/a Cincinnati Children's Hospital Medical Center, Dr. Timothy Crombleholme, and Dr. Foong-Yen Lim. (Am. Compl., Doc. 20, Pg. ID 131-32, 136.) While the Court is sensitive to the nature of the factual allegations pled, only the procedural posture of this case is relevant here. Thus, only the procedural posture will be discussed herein.

Plaintiffs first filed this cause of action on June 23, 2021. (*See* Compl., Doc. 1). Each Defendant timely filed Answers to Plaintiffs' Complaint on August 20, 2021. (*See* Docs. 8-10.) The parties then "conducted extensive discovery" regarding Plaintiffs' claims. (Motion for Leave, Doc. 19, Pg. ID 112.) The parties later jointly stipulated to extensions of the case scheduling order. (*See* First Joint Stip., Doc. 18.) Such stipulation extended the deadline for Plaintiffs to move to amend the pleadings to August 13, 2022. (*Id.*)

Plaintiffs timely filed a Motion for Leave to File First Amended Complaint (Doc. 19), which this Court granted. (*See* August 12, 2022 Notation Order.) Of relevant note, Plaintiffs' Amended Complaint included multiple factual allegations that Defendants allegedly violated the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. (*See* Am. Compl., Doc. 20.) Each Defendant timely filed Answers to Plaintiff's Amended Complaint. (*See* Docs. 21-23.) Defendants then subsequently filed the Motion to Strike (Doc. 24) adjudicated herein.

While briefing the Motion to Strike, the parties filed a Second Joint Stipulation to extend remaining discovery deadlines. (*See* Second Joint Stip., Doc. 28.) The Court construed the Stipulation as a motion for extension of time and granted the following extensions: "Disclosure of Plaintiffs' remaining experts due by March 23, 2023. Disclosure of Defendants' remaining experts due by May 24, 2023. Disclosures of rebuttal experts due by June 26, 2023. Dispositive motions due by August 28, 2023." (*See* September 28, 2022 Notation Order.)

## LAW & ANALYSIS

Defendants move the Court, pursuant to Fed. R. Civ. P. 12(f), to strike certain factual allegations contained in Plaintiffs' Amended Complaint. (Motion to Strike, Doc. 24, Pg. ID 197.) Specifically, Defendants seek an order striking all allegations relating to the EMTALA, arguing that any claims under the EMTALA are time-barred and, therefore, immaterial and impertinent to this action. (*Id.*) Additionally, Defendants seek an order in limine prohibiting Plaintiffs from calling Dr. Johnathan H. Burroughs as an expert witness or relying on his Expert Report at trial. (*Id.*) Defendants claim that any evidence Dr. Burroughs may provide is inadmissible pursuant to Fed. R. Evid. 401, 402, and 403 because such evidence is irrelevant, unduly prejudicial to Defendants, and risks misleading the jury. (*Id.*) The Court shall address each argument in turn.

### I.     Defendants' Motion to Strike Plaintiffs' EMTALA-Related Allegations

Fed. R. Civ. P. 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are considered a "drastic remedy" and, therefore, "generally viewed with disfavor and rarely granted." *Watkins & Sons Pet Supplies v. Iams Co.*, 107 F.Supp.2d 883, 887 (S.D. Ohio 1999). Whether to strike portions of a pleading is within a court's discretion. *Id.* "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 821 (6th Cir. 1953).

The EMTALA, 42 U.S.C. § 1395dd, "places obligations of screening and stabilization upon hospitals and emergency rooms that receive patients suffering from an emergency medical condition." *Roberts v. Galen of Va., Inc.*, 525 U.S. 249, 250 (1999)

3

(quotations omitted). The purpose of the EMTALA is to address "incidents where hospitals emergency rooms allegedly, based only on a patient's financial inadequacy, failed to provide a medical screening that would have been provided to a paying patient, or transferred or discharged a patient without taking steps that would have been taken for a paying patient." *Romine v. St. Joseph Health Sys.*, 541 F. App'x 614, 618 (6th Cir. 2013) (quotations omitted). The EMTLA imposes three requirements upon a hospital with an emergency department: "(1) the hospital must provide for an appropriate medical screening examination; (2) the hospital must provide necessary stabilizing treatment for emergency medical conditions; and (3) the hospital may not transfer a patient who is not stabilized (except in certain defined circumstances)." *Id.* (citing 42 U.S.C. § 1395dd). However, the EMTALA contains a two-year statute of limitations, which bars claims that are brought more than two years after the date of the alleged EMTALA violation. 42 U.S.C. § 1395dd(d)(2)(c).

Defendants first argue that any claims under the EMTALA are time-barred. The Court agrees. The alleged conduct occurred in the spring of 2011, over ten years prior to Plaintiffs bringing this action. (Am. Compl., Doc. 20, Pg. ID 136.) Thus, any causes of action under the EMTALA are time-barred in this case.

Plaintiffs concede that any claims under the EMTALA would be time-barred. Rather, Plaintiffs claim that the allegations regarding violations of the EMTALA in the Amended Complaint are not private causes of action against Defendants. On the contrary, Plaintiffs argue that the paragraphs of the Amended Complaint which reference violations of the EMTALA are factual allegations that bolster Plaintiffs' negligence claims

4

against each Defendant. Specifically, Plaintiffs claim that violations of the EMTALA constitute negligence *per se*. Defendants disagree. Defendants argue that conduct that violates a statute does not automatically establish negligence *per se*. Rather, Defendants argue that it is well-settled law that the EMTALA does not set forth a specific standard of care that would allow violations of the EMTALA to constitute negligence *per se*.

This litigation is currently only at the motion on the pleadings stage. Many discovery deadlines remain pending in this case, as well as the dispositive motions deadline. As this case's procedural posture stands today, Plaintiffs have until March 23, 2023 to disclose any experts to Defendants. (*See* September 28, 2022 Notation Order.) Defendants may disclose any experts to Plaintiffs until May 24, 2023, and each party has until June 26, 2023 to disclose any rebuttal experts the party plans to rely upon. (*Id*.) And the dispositive motions deadline is August 28, 2023. (*Id*.) Additionally, with a showing of good cause and in accordance with the Court's Local Rules and Standing Orders, the Court would entertain additional extensions of discovery deadlines if requested by the parties.

Without the benefit of a fully developed record, the Court is unwilling to grant such a "drastic remedy" of striking allegations from Plaintiffs' Amended Complaint. *See Watkins & Sons Pet Supplies*, 107 F.Supp.2d at 887. Therefore, at this stage in the litigation, the Court cannot determine if the EMTALA has any possible relation to Plaintiffs' claims. *See Brown & Williamson Tobacco Corp,* 201 F.2d at 821. The Court therefore finds Defendants' request to strike all allegations relating to the EMTALA from the Amended Complaint is premature.

5

## II. Defendants' Motion in Limine to Prohibit the Use of the Expert Report and Any Testimony of Dr. Jonathan H. Burroughs at Trial

Defendants additionally move to preclude the Expert Report and any testimony of Dr. Jonathan H. Burroughs at trial, pursuant to Fed. R. Evid. 401, 402, and 403. (*See* Burroughs Expert Report, Doc. 24-1.) Defendants argue that all evidence that Dr. Burroughs may provide, whether by way of his Expert Report or any testimony, is irrelevant, would unfairly prejudice Defendants and poses a serious risk of confusing a jury. Plaintiffs argue that Dr. Burroughs Expert Report and testimony would be relevant to a jury and that such relevance is not substantially outweighed by risk of unfair prejudice or confusing a jury. Additionally, Plaintiffs argue that Defendants motion is premature.

Although presented within Defendants' Motion to Strike, each party agrees that Defendants' request to preclude the use of Dr. Burroughs's export report or testimony at trial is more properly considered a motion in limine. This Court has held previously that "with respect to expert reports . . . motions to strike are inapplicable, and . . . the proper vehicle is a motion in limine." *Maxum Indem. Co. v. Drive West Ins. Serv. Inc./Mulberry Ins. Serv.*, No. 1:13-cv-191, 2014 WL 12653865, at *2 (S.D. Ohio Jun. 13, 2014). "Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Smith v. City of Troy*, No. 3:15-cv-054, 2016 WL 1436380, at *2 (S.D. Ohio Apr. 12, 2016). The Court "has the discretion to determine a motion in limine pursuant to its inherent authority to manage the course of trials." *Enoch v. Hamilton Cnty. Sheriff*, 588 F. Supp. 3d 806, 811 (S.D. Ohio

6

2022) (quotations omitted). However, "[a] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id*.

Again, at this stage in the proceedings, the Court is unwilling to strike Plaintiffs' allegations that reference or relate to the EMTALA from the Amended Complaint. Additionally, as previously mentioned, this litigation is only at the motion on the pleadings stage, and many discovery deadlines and the dispositive motions deadline remain pending. Therefore, the record in this case is not fully developed to provide context regarding Dr. Burroughs Expert Report or his potential testimony. This Court has held that "without the benefit of deposition or trial testimony" to provide context, it is premature to determine whether an expert report or testimony is clearly inadmissible for any purpose. *Maxum Indem. Co.,* WL 12653865 at *2. Thus, at this stage in the litigation and without the benefit of context, the Court finds it premature to preclude Dr. Burroughs's Expert Report (Doc. 24-1) in its entirety or any testimony by Dr. Burrough's at trial.

## CONCLUSION

Thus, for the forgoing reasons, Defendants' Motion to Strike (Doc. 24) is **DENIED** as premature.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND